Charles T. MATHIS, Appellant,

v.

IVOR LANDS, INC., et al., Appellees.

Court of Appeals of Kentucky.
May 30, 1969.

302

Thomas W. Burks, Louisville, for appellant.

Foster L. Haunz, Dougherty, Gray & Haunz, Louisville, for appellees Francis E. Bauman, George H. Esselman, Jr., Niles Gilley and Ivor Lands, Inc., and Foster L. Haunz, pro se.

S. Tilford Payne, Jr., Louisville, for appellees Ivor W. Howard and Tilford Payne, pro se.

EDWARD P. HILL, Judge.

The basic question here is the interpretation of a written construction contract between Charles T. Mathis and Ivor Lands, Inc., (hereinafter Ivor Lands), under which Mathis undertook to construct and furnish all labor and materials for a restaurant building in Jefferson County, Kentucky.

Mathis claims the contract was a cost-plus-10-percent arrangement. Ivor Lands insists the contract was a 10-percent-cost-plus fee with a maximum of $32,000.

The cost of labor and materials exceeded the maximum claimed by Ivor Lands by approximately $10,000. Ivor Lands declined to pay any amount in excess of $32,000. Mathis sued joining certain laborers and materialmen.

The trial court found that the contract contained the maximum amount claimed by Ivor Lands and dismissed the complaint. Mathis appealed.

Mathis also contends on this appeal that some of the items included in the $42,000 total cost were "side contracts" between Ivor Lands and others and should not be charged against the maximum, regardless of what the maximum is.

Other questions relative to claims of certain materialmen and the manner of distribution of the proceeds in court are raised, and they will be discussed without categorizing them here.

First we discuss the contract, the original of which was produced by Ivor Lands showing a ceiling of $32,000. Mathis produced a copy of the contract identical to the original except it contained a "4" instead of a "3" in the maximum amount fixed therein.

Both parties agreed that Mathis and George H. Esselman, Jr., representing Ivor Lands, take a polygraph test to determine who was telling the truth in regard to the maximum provided in the contract. The trial court received a report of this test that indicated Mathis was "in error" and that Esselman was "telling the truth." Of course the trial court considered other evidence pro-and-con on the sharp issue as

to the maximum provided in the contract. Without detailing the evidence offered by the respective parties, we think the trial court reached the right conclusion. Certainly we cannot say his conclusion was "clearly erroneous" requiring a reversal. CR 52.01.

 Appellant insists that it was error for the trial court to include in the total cost of construction certain "side contracts" claimed by Mathis to have been made by Ivor Lands "without the approval of Mathis." Among some of the facts and circumstances supporting the trial court on this question may be noted the fact that Mathis listed these identical "side contracts" in a mechanic's lien filed by him. Furthermore in answer to certain interrogatories, Mathis admitted he intended to pay all subcontractors "whether employed by him or Esselman."

Here again we are confronted with a finding of fact on a disputed question that appears to us not clearly erroneous but justified by the evidence.

Appellant next complains that the trial court was in error "in failing to make a decision as to the claim of" Cardinal Fence Company. The brief answer to this complaint is that Cardinal Fence is not a party on this appeal. Furthermore, failure to make a decision on a claim is tantamount to disallowing it insofar as arriving at the maximum contract price is concerned, which is not prejudicial to appellant's position.

Appellant claims error in that the amount paid by Ivor Lands was not prorated as required by KRS 376.070(2). As in the preceding question presented, the creditors are not parties on this appeal and only their interests are affected. They only may complain.

The final attack on the judgment relates to that part which directed that court cost and attorney fees be paid out of the balance of "construction mortgage money." KRS 376.050 is cited. This statute provides that:

"(1) Any mortgage taken to secure a loan made for the purpose of erecting, improving or adding to a building shall state such facts.

"(2) No person shall willfully misappropriate or misapply the proceeds received from such a loan."

The payment of court cost and attorney fees does not amount to wilful misappropriation or misapplication of these funds under the statute.

The judgment is affirmed.

All concur.